**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRIS R. JONES, Sr., | No. 12-16574 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00435-KJD-PAL |
| v. | |
| LAS VEGAS VALLEY WATER DISTRICT; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted November 19, 2013**

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Terris R. Jones, Sr., appeals pro se from the district court's summary

judgment in his employment action alleging race discrimination, harassment, and

retaliation under Title VII.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Russell Country Sportsmen v. U.S. Forest Serv.*, 668 F.3d 1037, 1041 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for the individual employee defendants because individual employees cannot be held liable under Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).

The district court properly granted summary judgment on Jones' race discrimination and retaliation claims because Jones failed to raise a genuine dispute of material fact as to whether he was subjected to an adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000) (elements of prima facie case of retaliation under Title VII, including "adverse employment action"); *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124-26 (9th Cir. 2000) (elements of prima facie case of discrimination under Title VII, including "adverse employment action"). Moreover, Jones failed to exhaust his administrative remedies regarding his allegations of confusion about his shift assignment. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-100 (9th Cir. 2002) (Title VII plaintiffs must exhaust administrative remedies, and courts may only consider incidents not listed in the original EEOC charge if they are "like or reasonably related to the allegations contained in the EEOC charge" (citation and internal quotation marks omitted)).

12-16574

The district court properly granted summary judgment on Jones' racial harassment claim because Jones failed to raise a triable dispute as to whether the alleged conduct was sufficiently severe or pervasive to alter the conditions of his employment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642-44 (9th Cir. 2004) (requirements for racial harassment under Title VII).

The district court properly denied Jones' second motion for partial summary judgment because Jones failed to demonstrate that he was entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (setting forth requirements for summary judgment); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (moving party bears initial burden of showing the absence of a genuine dispute of material fact).

Jones' contentions regarding judicial bias, wrongdoing by defendants' counsel, and his state tort law claims are unpersuasive and unsupported by the record.

We do not consider Jones' argument concerning the denial of his request for an injunction because Jones made that request in a separate action.

**AFFIRMED.**

12-16574